IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

      **Plaintiff/Respondent,**

v.     No.   CV 16-0339 JAP/LAM
               CR 09-1250 JAP

**PAUL BARELA,**

      **Defendant/Movant.**

## ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on Magistrate Judge Lourdes A. Martínez' *Proposed Findings and Recommended Disposition (Doc. 19)* (hereinafter "PF&RD"), entered on January 19, 2017. On February 1, 2017, the Government filed objections to the PF&RD [*Doc. 20*], and, on February 15, 2017, Defendant/Movant (hereinafter "Defendant") filed a response to the Government's objections [*Doc. 21*]. The Court has conducted a *de novo* review of those portions of the PF&RD to which the Government objects and finds that the objections are without merit. Accordingly, the Court will: (1) overrule the Government's objections as meritless; (2) adopt the PF&RD; (3) grant Defendant's § 2255 motion [*Doc. 6*]; and (4) set this case for resentencing in a separate Order.

### Background

As explained in the PF&RD, Defendant was sentenced to 180 months (15 years) pursuant to the Armed Career Criminal Act ("ACCA") based on his prior convictions for conspiracy to commit aggravated battery, commercial burglary (two convictions), aggravated battery, and

residential burglary.  *See* [*Doc. 19* at 2] (citing *Doc. 6* at 2-3, and *Doc. 13* at 1-2).  In his § 2255 motion, Defendant contends that his prior conviction for conspiracy to commit aggravated battery should never have been used as an ACCA predicate offense, and that his prior convictions for commercial burglary no longer qualify as convictions for a crime of violence pursuant to the holding of *Johnson v. United States*, 135 S. Ct. 2551 (2015), and, therefore, cannot be used to enhance his sentence.  *See* [*Doc. 6* at 3].  In response, the Government concedes that Defendant's conspiracy to commit aggravated battery conviction does not qualify as a crime of violence for purposes of the ACCA.  *See* [*Doc. 13* at 2 and 3].  However, the Government contends that Defendant's convictions for commercial burglary qualify as ACCA-predicate offenses.  *Id.* at 5.

As explained in the PF&RD (*see Doc. 19* at 3), in *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), is unconstitutionally vague.  135 S. Ct. 2551, 2563 (2015).  The Magistrate Judge noted that "[t]he Government does not dispute Defendant's contentions that his commercial burglary convictions do not fall under the 'elements' (or 'force') clause of the ACCA (§ 924(e)(2)(B)(i)), or that they no longer qualify under the residual clause pursuant to the holding in *Johnson*," and stated that she "finds no reason to hold otherwise."  *See* [*Doc. 19* at 5, n.5].  The Magistrate Judge, therefore, considered whether Defendant's convictions for commercial, or non-residential, burglary fall under the enumerated clause of the ACCA, § 924(e)(2)(B)(ii).  *See id.* at 5.  The Magistrate Judge explained that, "[t]o determine whether a past conviction qualifies as one of the offenses enumerated at § 924(e)(2)(B)(ii), courts compare the elements of the crime of conviction with the elements of the federal generic version of the listed offense."  *Id.* (citing *Mathis v. United States*, 136 S.Ct. 2243, 2248 (2016)).  To do so, the Magistrate Judge explained that courts generally apply what is known as the categorical approach, whereby "'[t]hey focus solely on whether the

elements of the crime of conviction sufficiently match the elements of generic burglary, while ignoring the particular facts of the case.'" *Id.* at 5-6 (quoting *Mathis*, 136 S.Ct. at 2248). A prior conviction qualifies as an ACCA-predicate offense "if its *elements* are the same as, or narrower than, those of the generic offense." *Mathis*, 136 S.Ct. at 2248. However, "if the crime of conviction covers any more conduct than the generic offense, then it is not an ACCA 'burglary' -- even if the defendant's actual conduct (*i.e.*, the facts of the crime) fits within the generic offense's boundaries." *Id.* The generic definition of burglary is "an unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Taylor v. United States*, 495 U.S. 575, 599 (1990). Thus, when a burglary statute is broader than the generic definition, then the statute may not be used as an ACCA-qualifying predicate offense under the enumerated clause. *See, e.g., Descamps v. United States*, 133 S.Ct. 2276, 2282-83 (2013) (finding that California's burglary statute, which provides that a "person who enters" certain locations "with intent to commit grand or petit larceny or any felony is guilty of burglary," is broader than federal generic burglary because it criminalizes entering a location, even lawfully, with the intent to steal, whereas generic burglary requires an unlawful or unprivileged entry).

The Magistrate Judge further explained that, when a statute has a "divisible" structure, whereby it lists elements in the alternative and defines multiple crimes, a court must discern which of the alternative elements listed was necessary for the defendant's conviction. *See* [*Doc. 19* at 6] (citing *Mathis*, 136 S.Ct. at 2249). To do so, courts use a "modified categorical approach," under which a court "looks to a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of." *Mathis*, 136 S.Ct. at 2249. (citations omitted). "The court can then compare that crime, as the categorical approach commands, with the relevant generic offense." *Id.* When faced with an "alternatively phrased" statute which "enumerates various factual means of committing a single

3

element" (*id.*), a court must "determine whether [the statute's] listed items are elements or means" (*id.* at 2256). "If they are elements, the court should . . . review the record materials to discover which of the enumerated alternatives played a part in the defendant's prior conviction, and then compare that element (along with all others) to those of the generic crime." *Id.* (citation omitted). However, if the listed items "are means [of committing a single element], the court has no call to decide which of the statutory alternatives was at issue in the earlier prosecution," and "[g]iven ACCA's indifference to how a defendant actually committed a prior offense, the court may ask only whether the *elements* of the state crime and generic offense make the requisite match." *Id.*

To determine whether a statute lists elements or means, a court should look to see if state court decisions are of assistance, as the Supreme Court did in *Mathis* when it looked to an Iowa Supreme Court decision regarding Iowa's burglary law, which held that the various premises listed in the burglary statute at issue were "alternative methods of committing one offense, so that a jury need not agree whether the burgled location was a building, other structure, or vehicle." *Id.* (citing *State of Iowa v. Duncan*, 312 N.W.2d 519, 523 (Iowa 1981) (internal quotation marks and brackets omitted). The Supreme Court stated that "[w]hen a ruling of that kind exists, a sentencing judge need only follow what it says." *Id.* (citation omitted). In addition, the Supreme Court instructs that "the statute on its face may resolve the issue," and that "[i]f statutory alternatives carry different punishments, then . . . they must be elements," but "if a statutory list is drafted to offer illustrative examples, then it includes only a crime's means of commission." *Id.* (citations and internal quotations marks omitted). Finally, if state law fails to provide clear answers, the Supreme Court states that the court may "peek" at the record of a prior conviction itself for "the sole and limited purpose" of determining whether the listed items are means or elements. *Id.* at 2256-57 (citation and internal quotation marks omitted).

The burglary statute at issue in this case reads:

> Burglary consists of the unauthorized entry of any vehicle, watercraft, aircraft, dwelling or other structure, movable or immovable, with the intent to commit any felony or theft therein.

4

> A. Any person who, without authorization, enters a dwelling house with intent to commit any felony or theft therein is guilty of a third degree felony.
>
> B. Any person who, without authorization, enters any vehicle, watercraft, aircraft or other structure, movable or immovable, with intent to commit any felony or theft therein is guilty of a fourth degree felony.

N.M.S.A. 1978 § 30-16-3.   The Magistrate Judge found that the alternative elements in this statute are separated into subsections A and B, wherein subsection A is burglary of a "dwelling house," a third degree felony, and subsection B is non-residential (or commercial) burglary, a fourth degree felony. *See* [*Doc. 19* at 8].   The Magistrate Judge, therefore, looked at the documents used to convict Defendant, and found that Defendant was charged with commercial burglary under § 30-16-3(B).   *See id.* (citing *Doc 6* at 20, criminal information alleging burglary contrary to § 30-16-3(B), and *id.* at 33, indictment alleging burglary contrary to § 30-16-3(B)).   The Magistrate Judge then compared subsection B with the federal generic definition of burglary to determine whether § 30-16-3(B) is broader than the federal, generic definition, and stated that "[s]ince the New Mexico definition of non-residential burglary encompasses unlawful entries into more than just 'buildings or other structures,' the Court finds that New Mexico's non-residential burglary statute is broader than the federal generic definition."   *Id.*

Next, the Magistrate Judge considered the Government's contention that subsection B is further divisible, and that the Court should look at Defendant's charging documents to determine whether Defendant's commercial burglary convictions involved burglary of a *structure*, as opposed to a vehicle, watercraft of aircraft, which would mean that these convictions are not broader than the federal, generic burglary definition.   *See id.* at 9 (citing *Doc. 13* at 9).   The Magistrate Judge rejected the Government's contention and found that subsection B is not divisible.   First, the Magistrate Judge found that state law supports a finding that subsection B is not divisible, and cites to *New Mexico v.*

*Office of the Public Defender ex rel. Muqqddin*, 2012-NMSC-029, __ N.M. __, 285 P.3d 622, in which the New Mexico Supreme Court explained that subsection B does not provide a finite list. *See id.* at 10-11 (citing *Muqqddin*, which states that § 30-16-3 "divides the crime [of burglary] into different grades, with the entry of a dwelling being a third degree felony while entry into any of the other enumerated objects being a fourth degree felony" 2012-NMSC-029, ¶ 13).

Second, the Magistrate Judge found that the plain text of the statute indicates that it is not divisible, noting that the statutory penalties are the same for any of the alternatives listed in subsection B, which indicates that it contains a list of means, not elements. *See id.* at 11 (citing *Mathis*, 136 S. Ct. at 2257). The Magistrate Judge also noted that the statute indicates that it is divisible into only subsections A and B, and that subsection B is not further divisible, because the state legislature separated residential burglary in subsection A from all other burglaries in subsection B.

Third, the Magistrate Judge found that the correlative uniform jury instruction indicates that subsection B contains alternative means, not elements. *See id.* at 11-12. The Magistrate Judge explained that the correlative jury instruction "lists all of the alternatives of '[vehicle] [watercraft] [aircraft] [dwelling] [or] [other structure],' which indicates that the alternatives are only possible means of commission, and not elements that the prosecutor must prove to a jury beyond reasonable doubt." *Id.* at 11-12 (quoting UJI 14-1630 N.M.R.A. and relying on *Mathis*, 136 S.Ct. at 2257). The Magistrate Judge further noted that UJI 14-1630 N.M.R.A. only treats the term "dwelling" differently from the other places of commission of the offense by instructing the courts to give UJI 14-1631, which defines "dwelling house," only if the charge is burglary of a dwelling house. *See id.* at 12.

Finally, the Magistrate Judge rejected the Government's attempt to distinguish the holding of *United States v. Howard*, 742 F.3d 1334 (11th Cir. 2014), in which the Eleventh Circuit Court of Appeals held that Alabama's burglary statute contained a non-exhaustive list of illustrative examples and, thus, was indivisible and permitted application of the categorical approach only. The Magistrate Judge found that the term in subsection B "or other structure" is similar to the word "includes" in the

statute at issue in *Howard*, and that both of these terms indicate non-exhaustive lists of alternative means by which the offense may be committed. *See id.*

For all of these reasons, the Magistrate Judge found that § 30-16-3 is divisible into subsections A (residential burglary) and B (non-residential burglary), but that subsection B is not further divisible. Since subsection B is broader than the federal generic definition of burglary because it includes more than just a building or structure, the Magistrate Judge found that Defendant's convictions for commercial burglary may not be used as ACCA-predicate offenses under the enumerated clause. *See id.*

## The Government's Objections

The Government objects to the Magistrate Judge's finding that subsection B is not divisible, and contends that the Magistrate Judge "misapplied the Supreme Court's guidance in *Mathis*." [*Doc. 20* at 1-2]. The Government contends that the Magistrate Judge's reliance on the New Mexico Supreme Court decision in *Muqqddin* is misplaced. The Government states:

> The PFRD concludes that the New Mexico Supreme Court's characterization of § 30-16-3(A) and (B) as dividing the crime into two different grades indicates that the statute is not indivisible, while ignoring the Supreme Court's instruction in *Mathis* to lower courts to look to the statute and if the listed alternatives carry different punishments, they are *necessarily* elements under *Apprendi*.

*Id.* at 3 (citing *Mathis*, 136 S.Ct. at 2256). This statement misconstrues the Magistrate Judge's findings. Instead, the Magistrate Judge first found that § 30-16-3 is divisible into subsections A and B, noting that these two subsections impose different punishments. *See* [*Doc. 19* at 8] (stating that "[t]he alternative elements in this statute are separated into subsections A and B, wherein subsection A is burglary of a "dwelling house," a third degree felony, and subsection B is non-residential (or commercial) burglary, a fourth degree felony," and that "[b]ecause this statute is divisible into these two elements, the Court may examine the state court documents that were used to

convict Defendant in order to determine whether Defendant was convicted under subsection A or subsection B") (citing *Mathis*, 136 S.Ct. at 2249). Therefore, the Government is incorrect that the Magistrate Judge "ignor[ed] the Supreme Court's instruction in *Mathis* to lower courts to look to the statute and if the listed alternatives carry different punishments, they are *necessarily* elements under *Apprendi*." [*Doc. 20* at 3].

Next, the Government contends that "the PFRD fails to address the fact that in *Muqqddin* the New Mexico Supreme Court noted entry into a <u>finite list of enumerated objects</u> as being necessary for a conviction under § 30-16-3(B)." [*Doc. 20* at 3]. The Court finds that the Government's contention is without merit. The Magistrate Judge noted that the New Mexico Supreme Court in *Muqqddin* stated that § 30-16-3 is divided into two different grades, "with the entry of a dwelling being a third degree felony while entry into any of the other enumerated objects being a fourth degree felony." [*Doc 19* at 11] (citing *Muqqddin*, 2012-NMSC-029, ¶ 13). The Magistrate Judge found that, since the New Mexico Supreme Court described only two "grades," this case supports a finding that § 30-16-3 is divisible only into subsections A and B, and that subsection B is not further divisible. *Id.* While the Court in *Muqqddin* states that "entry into any of the other enumerated objects" in subsection B constitutes a fourth degree felony (*see* 2012-NMSC-029, ¶ 13), the Government fails to note that one of these "enumerated objects" is entry into an "other structure," which could mean any number of things. As Defendant explains in his response to the Government's objections, "the term 'other structures' [in subsection B] provides as close to an infinite amount of possibilities as any word selection could." [*Doc. 21* at 3]. Moreover, the Supreme Court in *Mathis* instructs that, "[i]f statutory alternatives carry different punishments, then . . . they must be elements," but "if a statutory list is drafted to offer illustrative examples, then it includes only a crime's means of commission." 136 S.Ct. at 2256 (citations and internal quotations marks omitted). The Court agrees with the Magistrate Judge that the list in subsection B provides illustrative examples and, thus, is not divisible,

and this finding is further supported by the statute providing the same statutory penalties for any of the alternatives listed in subsection B.   For these reasons, the Court finds that the Government's objection is without merit and shall be overruled.

The Government's next objection is that the jury instruction for New Mexico's burglary statute "also gives a finite list of alternative, enumerated objects which the state must prove entry into to prove the crime," and, therefore, the Magistrate Judge's finding that the jury instruction contains alternative means and not elements is not correct.   [*Doc. 20* at 3] (citing *Doc. 19* at 11).   The Government states that "[c]ontrary to the conclusion [in the] PFRD, the defendant must be proven to have entered one of the items on that definitive and finite list in order to be convicted of burglary," and, therefore, the Government contends that subsection B "contains a list of alternative elements which must be proven in order to obtain a conviction for burglary."   *Id.* at 3-4.

As explained in the PF&RD, "if the charging document and correlative jury instructions both use an umbrella term like 'premises,' or both list the alternatives together, *e.g.*, 'building, structure, or vehicle,' such construction would be 'as clear an indication as any that each alternative is only a possible means of commission, not an element that the prosecutor must prove to a jury beyond a reasonable doubt.'"   [*Doc. 19* at 11] (quoting *Mathis*, 136 S.Ct. at 2257).   "Conversely, if the charging document and correlative jury instructions both reference 'one alternative term to the exclusion of all others,' that could indicate 'that the statute contains a list of elements, each one of which goes toward a separate crime.'"   *Id.* (quoting *Mathis*, 136 S.Ct. at 2257).   The Court agrees with the Magistrate Judge that the correlative jury instruction for New Mexico burglary, which lists all of the alternatives of "[vehicle] [watercraft] [aircraft] [dwelling] [or] [other structure]" (UJI 14-1630 N.M.R.A.), "indicates that the alternatives are only possible means of commission, and not elements that the prosecutor must prove to a jury beyond a reasonable doubt."   *Id.* at 11-12.   As explained by the Defendant in his response to the Government's objections, the list of alternatives in UJI 14-1630 N.M.RA "are alternative *means*," because "[o]nly one of them, and it matters not which one, must be

9

proven to meet the locational element," and "[w]hich particular bracketed items in the list are included or omitted from the jury instruction is, therefore, 'extraneous to the crime's legal requirements.'" [*Doc. 21* at 4] (quoting *Mathis*, 136 S.Ct. at 2248).  The Court also agrees with the Magistrate Judge that the fact that UJI 14-1630 N.M.R.A. only treats the term "dwelling" differently from the other places of commission of the offense by instructing the courts to give UJI 14-1631 to define "dwelling house" only if the charge is burglary of a dwelling house, supports a finding that New Mexico's burglary statute provides for only two separate crimes -- residential burglary and non-residential burglary.  For these reasons, the Court agrees with the Magistrate Judge that the correlative "jury instruction supports a finding that each of the alternatives in subsection B provides alternative methods of committing the single crime of non-residential burglary," and will overrule the Government's objection.  [*Doc. 19* at 12].

Finally, the Government contends that "[t]he PFRD . . . mistakenly asserts that the fact that the alternatives in § 30-16-3(B) do not contain separate penalties 'tend[s] to show that they are means rather than elements.'"  [*Doc. 20* at 4] (quoting *Doc. 19* at 11).[1]  The Government states that, since the issue of whether subsection B contains means or elements is unclear, the Court should "peek at the record" to see that the records from Defendant's prior convictions "show that Defendant's burglary convictions stem from entry into a structure."  *Id.*  The Court finds that these contentions are without merit.  The Supreme Court in *Mathis* states that "[i]f statutory alternatives carry different punishments, then . . . they must be elements," but "if a statutory list is drafted to offer illustrative examples, then it includes only a crime's means of commission."  136 S.Ct. at 2256 (citations and internal quotations marks omitted).  The Court, therefore, finds no error in the Magistrate Judge's

---

[1] While the Government purports to quote the PF&RD at page 11 as saying that the fact that the alternatives in § 30-16-3(b) do not contain separate penalties "tend[s] to show that they are means rather than elements" (*Doc. 20* at 4), the Court is unable to locate this quoted language anywhere in the PF&RD.  Instead, the Magistrate Judge stated that, because the statutory penalties are the same for any of the alternatives listed in subsection B, this "indicates that it contains a list of means, not elements."  [*Doc. 19* at 11].  Regardless, since the actual language in the PF&RD is substantially the same as that asserted by the Government, the Court will consider the objection.

statement that "the statutory penalties are the same for any of the alternatives listed in subsection B, which indicates that it contains a list of means, not elements." [*Doc. 19* at 11].  In addition, the Court disagrees with the Government that the issue of whether subsection B contains means or elements is unclear.  *See* [*Doc 20* at 4].  To the contrary, the Court finds that it is clear that § 30-16-3 is divisible into subsections A (residential burglary) and B (non-residential burglary), but that subsection B is not further divisible.  Therefore, the Court finds that it would not be proper to apply the modified categorical approach to the alternatives listed in subsection B, and the Court will overrule the Government's objection.  *See Mathis*, 136 S.Ct. at 2254 (explaining that the application of the modified categorical approach "is not to be repurposed as a technique for discovering whether a defendant's prior conviction, even though for a too-broad crime, rested on facts . . . that also could have satisfied the elements of a generic offense").

For the reasons stated above, the Court will overrule the Government's objections and adopt the findings in the PF&RD.  Because the Court finds that subsection B of § 30-16-3 is broader than the federal generic definition of burglary, Defendant's convictions for commercial burglary may not be used as ACCA-predicate offenses under the enumerated clause.

**IT IS THEREFORE ORDERED**, for the reasons stated above, that:

1. The Government's objections to the PF&RD [*Doc. 20*] are **OVERRULED**;

2. The *Proposed Findings and Recommended Disposition (Doc. 19)* are **ADOPTED**;

3. Defendant's § 2255 motion [*Doc. 6*] is **GRANTED**; and

4. This case shall be set for resentencing in a separate Order.

**IT IS SO ORDERED.**

_____
**HONORABLE JAMES A. PARKER**
**SENIOR UNITED STATES DISTRICT JUDGE**